**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Tara Gurry, Appellant,

v.

Myrtle Beach Dermatology, LLC, Shannon Hussey, and Richard Hussey, M.D., Respondents.

Appellate Case No. 2021-000838

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2024-UP-220
Submitted June 13, 2024 – Filed June 26, 2024

**AFFIRMED**

Tara Gurry, of North Myrtle Beach, pro se.

Marian Williams Scalise, Lydia Lewis Magee, and Catherine Hunter Holland, all of Richardson Plowden & Robinson, PA, of Myrtle Beach; and Andrew F. Lindemann, of Lindemann Law Firm, P.A., of Columbia, all for Respondents.

**PER CURIAM:** Tara Gurry appeals the circuit court's orders granting a motion in limine to exclude Dr. Schield Wikas's testimony from trial and granting a motion

for summary judgment filed by Myrtle Beach Dermatology, LLC; Shannon Hussey; and Richard Hussey, M.D. (collectively, Respondents).  On appeal, Gurry argues the circuit court erred by (1) finding Dr. Wikas's testimony was based on a theory of res ipsa loquitur, (2) finding Dr. Wikas's opinions were not based upon reliable medicine or science, (3) finding Dr. Wikas's opinions were based on purely speculation and were wholly unreliable, and (4) granting summary judgment for Respondents.  We affirm pursuant to Rule 220(b), SCACR.

We hold the two-issue rule precludes this court's consideration of whether Dr. Wikas's testimony was properly excluded.  The trial court found Dr. Wikas's testimony was inadmissible under Rule 702 of the South Carolina Rules of Evidence and Rule 403 of the South Carolina Rules of Evidence; however, Gurry only appeals the Rule 702 ruling in her appellate brief.  Thus, the circuit court's ruling pursuant to Rule 403 is law of the case.  *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 328, 730 S.E.2d 282, 284 (2012) ("Under the two[-] issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become law of the case." (quoting *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010), *abrogated on other grounds by Repko v. County of Georgetown*, 424 S.C. 494, 818 S.E.2d 743 (2018))); Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal.").

We further hold the circuit court did not err by granting Respondents' motion for summary judgment.  *See Lanham v. Blue Cross & Blue Shield of S.C., Inc.*, 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002) ("An appellate court reviews a grant of summary judgment under the same standard applied by the [circuit] court pursuant to Rule 56, SCRCP."); *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 463, 892 S.E.2d 297, 301 (2023) (clarifying the proper standard of decision under Rule 56(c), SCRCP, "is the 'genuine issue of material fact' standard set forth in the text of the Rule").  Following the circuit court's ruling on the motion in limine, Respondents moved for summary judgment on the ground that Gurry could not proceed without an expert to support her medical malpractice case.  In its order granting summary judgment, the circuit court explained it "felt inclined to allow the case to go forward and allow [Gurry] to present her case to the jury"; however, before the circuit court "issued its final ruling, [Gurry] then voiced her clear intention to the [c]ourt that she 'did not want to waste anyone's time' in going forward in the case, she wanted to immediately appeal the [c]ourt's ruling excluding her expert."  The circuit court thus granted Respondents' motion for summary judgment "so [Gurry] could immediately appeal [the circuit c]ourt's

ruling regarding the exclusion of her expert Dr. Wikas." Based on this court's holding that the two-issue rule precludes consideration of whether Dr. Wikas's testimony was properly excluded, we hold the trial court did not err by granting Respondents' motion for summary judgment because it was premised on the exclusion of Dr. Wikas's testimony.

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.